GRAVES, Justice,
Concurring in Part and Dissenting in Part.
¶ 33. I agree with the majority that the trial court did not err in denying both the Blailocks’ motion for a directed verdict and motion for a new trial. I differ from the majority in that I would find that the Blailocks did timely file their notice of claim against Southwest Mississippi Regional Medical Center and that the minor savings clause does apply to the instant case. Therefore, I respectfully dissent in part.
¶ 34. The factual situation that the Blailocks present to this Court is similar to that found in Barnes v. Singing River Hospital Systems, 733 So.2d 199 (Miss. 1999), where a plaintiff with non-latent injuries was given the benefit of the discovery rule. The plaintiff in Barnes had several of her limbs amputated after developing sepsis. Id. at 200. Though her injuries were apparent as of the date of amputation, the plaintiff did not become aware of her negligent medical treatment until roughly six months later, after her attorney consulted a medical expert. Id. at 204. The defendant hospital argued that the notice of claim was not timely filed, yet this Court applied the discovery rule tó find that the complaint was filed within one year of discovering the hospital’s negligent conduct. Id. In disclosing its rationale for applying the discovery rule, this Court stated:
[Tjhus, where an injury or disease is latent, a determination of when the statute of limitation begins to run focuses not on the time of the negligent act or omission, but on when the plaintiff discovers the injury or disease. Moreover, knowledge that there exists a causal relationship between the negligent act and the injury or disease complained of is essential because ‘it is well-established that prescription does not run against one who has neither actual nor constructive notice of facts that would entitle him to bring an action.’
Id. (citing Sweeney v. Preston, 642 So.2d 332, 334 (Miss.1994)) (emphasis added).
¶ 35. The holding and rationale from Barnes should be applied to the Blailocks in the instant case. The Blailocks were not put on notice as to Southwest’s possible negligence until having the opportunity to depose Dr. Sisam. It was at this time that they were finally able to learn, from Dr. Sisam’s own testimony, of hospital staff conduct which arguably contributed to Tayler’s injuries. His testimony expounded on the notations from the available medical records and enabled the Blailocks to gain a more complete understanding of just what happened the day Tayler was born.
*135 ¶ 36. In affirming the trial court, the majority finds that the Blailoeks should not benefit from the discovery rule because they were not reasonably diligent in discovering the basis for their claim against Southwest, imputing to them knowledge of notations from various medical records. In fact, the trial court based its decision to dismiss Southwest from the suit largely on the fact that Dr. Sisam’s note “Called to see pt @ 13:35” contradicted another hospital record stating that he was notified at 1:18 p.m.
¶ 37. The mere existence of a time discrepancy in the medical charts is not enough, in and of itself, to put the Blail-ocks on notice that they had a claim against Southwest. This is especially true in light of the tenuous position in which MTCA plaintiffs find themselves. Under the MTCA, plaintiffs such as the Blailoeks are faced with losing their claim if they fail to file a notice of claim within one year; however, they also face the possibility of being assessed with attorney’s fees and costs under the Litigation Accountability Act of 1988, Miss.Code Ann. §§ 11-55-1 to -15 (Rev.2002), if they bring suit without a sufficient factual basis. See Barnes, 733 So.2d at 202.
¶ 38. On the one hand, plaintiffs are criticized and may be sanctioned if they rush to file suit against all who may be responsible, and on the other, they are subject to have their claims dismissed if they are careful and deliberate in determining against whom a suit should be filed. The decision reached by the majority today penalizes the Blailoeks for their decision to file suit against Southwest only after they had a sufficient factual basis to support their claims. I cannot support such a decision.
¶ 39. Since I would find that the plaintiffs timely filed their notice of claim against Southwest, I would conclude that they had viable claims on May 15, 2000, the applicable date for the minor savings clause. As such, I would also find that the statute of limitations had not run on their claims on this date, and that Tayler Blail-ock should be given the benefit of the minors savings clause of Miss.Code Ann. § 11-46-11(4). Thus, I would reverse the judgment dismissing Southwest and remand this case for trial of the plaintiffs’ claims against Southwest.